[629 NYS2d 417]

In the Matter of LESLIE M. WESTREICH (Admitted as LESLIE MARK WESTREICH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 1995

## APPEARANCES OF COUNSEL

*Michael K. Madden, Special Trial Counsel (Hal R. Lieberman,* attorney), for petitioner.

*Robinson Brog Leinwand Reich Genovese & Gluck, P. C.,* and *Howard Benjamin* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the Bar at the First Judicial

Department in 1979, under the name Leslie Mark Westreich. He has maintained an office for the practice of law within this Department at all times pertinent to this proceeding.

Respondent is charged, in connection with two separate matters, with conduct involving dishonesty, fraud, deceit, misrepresentation and conversion of client funds. These charges were contested over the course of 18 days of hearings between October 1993 and June 1994.

The first set of charges related to a $1 million loan from Bi-Coastal Investors to Granulation Technologies, Inc. (GTI), a corporate client whose president and "key man" was respondent's brother (and sometime debtor), Larry. Bi-Coastal's principals testified that they were not informed, until after closing of the loan, that Larry had been under multicount indictment, at the time of the negotiations, for a series of credit card thefts and fraud. Respondent testified that he did not know of the indictment at the time of a crucial negotiation in May 1987; that he learned about it from Larry for the first time on June 16; and that as they drove to the closing on June 22, five days after Larry had entered a plea to seven counts of criminal conduct, Larry supposedly told him that he had made a disclosure of this information to the Bi-Coastal investors, who were willing to go forward anyway.

The evidence also revealed that unaudited financials provided during the negotiations failed to disclose an outstanding short-term loan to Larry from Tomas Nemeti, a European lender, for $200,000 at an annualized interest rate of 50% ($25,000). Respondent asserted—and the Bi-Coastal investors just as insistently denied—that the indebtedness to Nemeti had been discussed at the crucial negotiation in May.

Bi-Coastal's principals had been asked for, and had given, a sizeable ($150,000) advance on its loan, prior to closing, ostensibly for GTI's purchase of raw materials. GTI was so needy of cash that it was arranged that upon closing, the loan proceeds would be deposited in respondent's escrow account for immediate availability. After closing, respondent transferred $225,000 from his escrow account to his personal account, from which he was able to conceal from Bi-Coastal a simultaneous transfer in payment of Larry's indebtedness to Nemeti. Bi-Coastal's understanding was that the escrow arrangement was merely to facilitate quick repayment of its earlier $150,000 advance, satisfaction of a senior mortgage on real property, and purchase of raw materials and upgrade of equipment for GTI.

Respondent countered that there were no restrictions on the escrow account, and thus the repayment of the Nemeti loan (which was purportedly to GTI) out of these proceeds was proper. He explained that he had arranged for immediate repayment of the $225,000 indebtedness to Nemeti on his own credit line, and that the transfer of a like amount from the Bi-Coastal loan proceeds was merely repayment to him of that personal advance on GTI's behalf.

Several months after closing on the loan, respondent and his brother continued to deceive the Bi-Coastal investors concerning Larry's criminal status. The investors claimed that only after they learned about Larry's guilty plea did they audit GTI's books and discover its true state of insolvency and serious tax delinquencies. The Bi-Coastal investors sued respondent and his brother for securities fraud, *inter alia,* in Federal District Court in New Jersey in 1988, asserting that misrepresentations and failures to disclose had been material to their making of the loan. During the course of that lawsuit, respondent submitted under oath an allegedly doctored bank statement misrepresenting the status of his account prior to closing on the loan.

The petition herein charges respondent with conduct involving dishonesty, fraud, deceit or misrepresentation in connection with the Bi-Coastal transaction, in violation of Code of Professional Responsibility DR 1-102 (A) (4). And for failing to disclose material facts to Bi-Coastal, such as his brother's guilty plea to criminal charges, he was additionally charged with violation of DR 7-102 (A) (3).

For the unauthorized transfer of the escrowed loan proceeds without notice to Bi-Coastal, respondent was further charged with violations of DR 1-102 (A) (4) and 9-102 (A). Charges involving the submission of false documents in Federal court were dropped when the Hearing Panel found the deception to be insufficiently material to the case.

Respondent insists that he was merely a "transactional lawyer" who owned no personal stake in GTI or its related companies. But over the course of these hearings, the Panel found respondent to be a witness wholly lacking in credibility. There was no evidence that the Nemeti loan had been made to GTI rather than to Larry personally, and thus the repayment of that obligation out of GTI's loan proceeds from Bi-Coastal was improper. In transferring these funds from his escrow account for this purpose without notice to and ap-

proval of Bi-Coastal, respondent committed a conversion of client funds, regardless of the status of the obligation to Nemeti.

No evidence was offered in mitigation. To the contrary, there was evidence in aggravation, in the form of a stipulation resolving an uncontested set of additional charges which revealed that respondent had commingled settlement funds which he was holding in escrow for another client. The Hearing Panel recommended disbarment, and petitioner supports that recommendation.

Following close of the hearings, respondent's counsel reportedly received an anonymous letter in the mail, containing a partial transcript of a telephone conversation purporting to prove that respondent did not know of his brother's criminal problems until the eve of Larry's guilty plea. The Panel could justifiably have rejected this evidence because it was not proffered until after the Panel filed its report on October 7, 1994, even though counsel claimed to have received the envelope with the transcript as early as September 26. Our rules prohibit reopening of a proceeding under such circumstances (22 NYCRR 605.16 [a] [1]), precisely to discourage litigants from waiting for the decision before disclosing all of their evidence. Nevertheless, the Panel granted respondent's motion to reopen on the broader standard of considering "newly discovered evidence," and then rejected it on the merits. Even if this unsubstantiated transcript had met the standard of evidence "newly discovered," it still left respondent with knowledge of Larry's guilty plea fully five days prior to the closing on Bi-Coastal's loan.

Where an attorney actively participates in perpetrating a fraud upon another party who is transacting with his client, particularly by knowingly failing to disclose facts concerning his client's financial status, he is guilty of professional misconduct warranting disbarment (Matter of Piazza, 62 AD2d 454, lv denied 46 NY2d 709). An attorney has a duty not to remain silent when he knows that the other party to a transaction is being defrauded by his client (Matter of Sherman, 271 App Div 462). Assisting a client in perpetrating a fraud upon the latter's creditors is misconduct warranting disbarment, even where the attorney gains no personal financial benefit (Matter of Shapiro, 263 App Div 659).

The petition is granted and the Hearing Panel's report and recommended sanction are confirmed. Respondent's cross mo-

tion to disaffirm, reopen the hearing, or impose an alternative sanction is denied. Respondent's name is ordered stricken from the roll of attorneys authorized to practice law in this State.

ELLERIN, J. P., WALLACH, KUPFERMAN, Ross and MAZZARELLI, JJ., concur.

Petition granted, respondent's cross motion, *inter alia,* to disaffirm, denied in its entirety, and respondent disbarred from practice as an attorney and counselor-at-law in the State of New York, effective July 13, 1995.